UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA YOUNG ET AL                    CIVIL ACTION NO. 25-cv-1098

VERSUS                                 JUDGE EDWARDS

P N B TRANSPORT, LLC, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Barbara Young (Maryland) and Donald Johnson (Texas) filed suit in state court against truck driver Baljit Singh (California) and his employer PNB Transport, LLC (California) for personal injury damages caused in a motor vehicle accident. Defendants removed the case based on an assertion of diversity jurisdiction, which placed the burden on them to show that the amount in controversy with respect to at least one of the plaintiffs exceeds $75,000.

The court determines whether removing defendants have satisfied the amount in controversy requirement by first asking whether it is "facially apparent" from the state court petition that the claims exceed $75,000 in value. If it is not facially apparent that the monetary requirement is satisfied, the defendants may establish federal jurisdiction by alleging facts—either in the notice of removal or by affidavit—that support a conclusion that the amount in controversy requirement is satisfied. Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638–39 (5th Cir. 2003); Menendez v. Wal-Mart Stores, Inc., 364 Fed. Appx. 62, 66 (5th Cir. 2010). Defendants' notice of removal pointed to rather generic

allegations of injuries in the petition and asserted that it was facially apparent that the amount in controversy element was satisfied.

Plaintiffs filed a Motion to Remand (Doc. 11) and argued that Defendants did not satisfy their burden with respect to the amount in controversy. Plaintiffs pointed to their responses (served after removal) to requests for admissions in which Ms. Young denied a request that she admit that the amount of her claims exceeds $75,000. Mr. Johnson objected to the request posed to him on the grounds that he could not provide an accurate assessment, and he denied the requested admission for lack of sufficient information. He did add that he has undergone chiropractic treatment and MRIs of the cervical and lumbar spine and right knee, and he has received a steroid injection in his right knee.

Defendants responded to the motion to remand with a memorandum and attached medical records generated in 2024 (pre-removal). The records show Mr. Johnson had total medical expenses of $35,323 in July 2024. The records show that he was diagnosed with cervical and lumbar radiculopathy, and his MRI shows multiple bulges and annular tears at various levels of his spine as well as stenosis and other spinal problems. A report indicated that the bulges and tears were indicative of trauma. An MRI of the right knee generated findings that include probable under-surface tearing of the medial meniscus and joint effusion. The records also show that Mr. Johnson has received a right knee injection, and his physician has discussed various treatment options that include continued therapy, more injections, and even possible surgical intervention.

It is debatable whether it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000 with respect to Mr. Johnson. It is almost

certain, however, that the information from Mr. Johnson's request for admissions and medical records would satisfy Defendants' burden with respect to the amount in controversy. That information was not, however, included in the notice of removal, and no affidavit accompanied Defendants' memorandum.

That omission may be remedied because 28 U.S.C. § 1653 provides that defective allegations of jurisdiction may be amended. District courts regularly allow removing defendants to amend their notice of removal to cure defects in jurisdictional allegations, including the provision of specific facts to establish the required amount in controversy. See, e.g., Luis Musa, et al. v. Travel Guard Group, Inc., et al., 2025 WL 2751016, *3 (E.D. La. 2025); Jehle v. PSC Grp. LLC, 2023 WL 3377142, *3 (E.D. La. 2023).

Defendants are granted leave to file an amended notice of removal by **October 17, 2025** and attempt to set forth facts that satisfy their burden with respect to the amount in controversy based on the facts that existed at the time of removal. The court will address the motion to remand after that deadline. If the court determines that it has original jurisdiction over Mr. Johnson's claim, it will likely exercise supplemental jurisdiction over Ms. Young's claims that arise out of the same accident. 28 U.S.C. § 1367(a).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of October, 2025.



Mark L. Hornsby
U.S. Magistrate Judge